CLEAR FORM

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Anival Mateo Gregorio-Carrillo

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

James Janecka, Warden of the Adelanto ICE Processing Center

(b) County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Murray D. Hilts
The Law Offices of Murray D. Hilts
3020 Meade Ave. San Diego, CA 92116

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify) ____________
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ ____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 2241

**Does this case involve claimed Lemon Law violations of the federal Magnuson-Moss Warranty Act and/or the California Song-Beverly Consumer Warranty Act?** YES NO ✕

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☒ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no, " skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes ☒ No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| If "no, " skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☒ Yes ☐ No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Continue to Question C.2. |
| If "no, " skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☒ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☐ No | ☐ Yes ☐ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. → | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | Eastern |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**? ☒ NO ☐ YES

If yes, list case number(s): ______________________

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?
☒ NO ☐ YES

If yes, list case number(s): ______________________

**If yes, you must file a Notice of Related Cases. See Local Rule 83-1.3.**

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. STATEWIDE OR NATIONWIDE RELIEF:** Does this case seek to bar or mandate enforcement of a state or federal law and seek declaratory or injunctive relief on a statewide or nationwide basis? ☒ NO ☐ YES

**If yes, see Local Rule 83-11 for additional requirements.**

---

**XI. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** ______________________ DATE: 10/9/26

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

---

Anival Mateo Gregorio-Carrillo,

Agency No. A204-759-962,

*Petitioner,*

v.

JAMES JANECKA, Warden of the Adelanto ICE Processing Center; and ERNESTO SANTACRUZ, JR., Field Office Director, Los Angeles Field Office, ICE Enforcement and Removal Operations,

*Respondents.*

---

# PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Murray D. Hilts
Law Offices of Murray D. Hilts
3020 Meade Ave.
San Diego, CA 92116
(619) 688-1174 (office)
(619) 285-1977 (fax)
murrayhilts@murrayhiltslaw.com

Attorney for Petitioner,

Anival Mateo Gregorio-Carrillo

MURRAY D. HILTS, ESQ. (CA Bar No. 169690)
LAW OFFICES OF MURRAY D. HILTS
3020 MEADE AVE.
SAN DIEGO, CA 92116
TEL: (619) 688-1174
FAX: (619) 285-1977
murrayhilts@murrayhiltslaw.com
*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Anival Mateo Gregorio-Carrillo,<br><br>Petitioner,<br><br>v.<br><br>James Janecka, Warden of the Adelanto ICE Processing Center; and Ernesto Santacruz, Jr., Field Office Director, Los Angeles Field Office, ICE Enforcement and Removal Operations, in their official capacities,<br><br>Respondents. | ) | **PETITION FOR WRIT OF HABEAS CORPUS**<br>A#204-759-962 |

## I. INTRODUCTION

1. Petitioner Anival Mateo Gregorio-Carrillo, A204-759-962, is a native and citizen of Guatemala detained by U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center. He seeks habeas review of the legal basis for his current detention and the custody procedures available to him.

2. On June 23, 2020, the Ninth Circuit granted Petitioner a stay of removal pending review. Judicial review remains pending. The Ninth Circuit has confirmed that the removal stay remains in effect. This petition addresses the detention framework applicable during stayed judicial review.

## II. JURISDICTION AND PARTIES

3. This Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (c)(3) over legal and constitutional challenges to federal custody. It may grant appropriate individual habeas relief under 28 U.S.C. § 2243. See _Singh v. Holder_, 638 F.3d 1196, 1202 (9th Cir. 2011).

4. Petitioner is confined at 10400 Rancho Road, Adelanto, California 92301, in San Bernardino County, within this District and its Eastern Division. This petition is filed in the district of confinement and names the immediate custodian. _Doe v. Garland_, 109 F.4th 1188, 1194-99 (9th Cir. 2024).

5. On information and belief, Respondent James Janecka is the Warden of the Adelanto ICE Processing Center and Petitioner's immediate custodian. Respondent Ernesto Santacruz, Jr., is the Field Office Director of the Los Angeles Field Office of ICE Enforcement and Removal Operations, which encompasses Adelanto. Both are sued in their official capacities.

6. Petitioner seeks review of the law governing custody independently of the removal merits reserved to the Ninth Circuit under 8 U.S.C. § 1252. Legal challenges to the detention framework remain reviewable in habeas. _Martinez v. Clark_, 124 F.4th 775, 781-85 (9th Cir. 2024).

## III. RELEVANT FACTS

7. Petitioner entered the United States without inspection on or about May 10, 2005, near Tucson, Arizona. DHS issued a Notice to Appear dated September 20,

2016, charging removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).

8. Petitioner received Deferred Action for Childhood Arrivals ("DACA") on August 9, 2013. His employment authorization document expired June 11, 2017. During the removal proceedings, he contested the Government's evidence and sought termination based on his DACA history and the circumstances of his apprehension. The Immigration Judge denied suppression and termination based on DACA. Petitioner later received an adverse IJ decision, and the BIA dismissed his appeal.

9. Petitioner sought Ninth Circuit review. The public docket records the petition for review as filed April 12, 2019, and identifies him as not detained at that time. He is presently detained at Adelanto. The EOIR case portal reflects a prior bond hearing. Its outcome has not been verified from the paper custody record.

10. On June 23, 2020, the Ninth Circuit granted Petitioner's motion for a stay of removal pending review. The order states that the motion "is GRANTED."

11. In a separate order that day, the Ninth Circuit withdrew submission and stayed appellate proceedings pending its decision in *Inland Empire-Immigrant Youth Collective v. Nielsen*. It directed the Clerk to administratively close the docket pending further order. That order paused the proceedings; it did not dismiss the petition for review or decide the removal merits.

12. Judicial review remains pending. The Ninth Circuit has confirmed that the removal stay remains in effect. Petitioner relies on that stay in seeking application of the detention framework governing stayed direct review.

## IV. GROUND FOR HABEAS RELIEF

13. Petitioner incorporates paragraphs 1 through 12. He seeks application of the lawful detention framework and the custody procedures authorized by that framework.

14. Under 8 U.S.C. § 1231(a)(1)(B)(ii), when a removal order is judicially reviewed and the reviewing court orders a stay, the removal period begins on the date of the court's final order. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059-62 (9th Cir. 2008), held that § 1231 did not authorize detention during stayed direct review; § 1226(a) governed the detention in that case. Thus, the BIA's dismissal alone does not establish that § 1231 governs Petitioner's present custody while an effective removal stay remains in place.

15. Section 1226(a) permits consideration of release on bond or conditional parole. Petitioner seeks custody review under that provision if it governs his detention. The stay does not itself eliminate mandatory detention under § 1226(c). *Hernandez Avilez v. Garland*, 69 F.4th 525, 531-38 (9th Cir. 2023). The Court must determine the applicable subsection before directing the corresponding custody remedy.

16. Petitioner requests a response identifying the statutory basis for his confinement and the operative custody decisions, including the prior bond decision, followed by adjudication of his claim under the governing detention provision. The requested review concerns the legal authority and procedures for detention. See Martinez, 124 F.4th at 781-85.

## V. REQUESTED RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

A. Require a response under 28 U.S.C. § 2243 identifying the detention authority and operative custody records;

B. Determine the detention framework applicable during stayed direct review and order the custody procedures authorized by that framework;

C. Order release if continued detention lacks a lawful basis, or an individualized custody hearing if required under the governing law; and

D. Grant further appropriate individual habeas relief.

Respectfully submitted this 9th day of October, 2026.

/s/ Murray D. Hilts
The Law Offices of Murray D. Hilts
3020 Meade Ave.
San Diego, CA 92116
CA Bar # 169690

*Attorney for Petitioner*