UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ANIVAL MATEO GREGORIO-CARRILLO, Petitioner, v. JAMES JANECKA, et al., Respondents. | Case No. 5:26-cv-05952-DTB **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.
## PROCEEDINGS

On October 8, 2026, petitioner Anival Mateo Gregorio-Carrillo ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C § 2241 ("Petition") (Docket No. 2 at 4-9).[1]

On October 16, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondents filed an Answer to the Petition ("Answer") (Docket No. 8), accompanied by three exhibits (Docket Nos. 8-1 thru 8-

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

3). In their Answer, Respondents argue that Petitioner's detention is proper due to his recent criminal conviction and incarceration but acknowledge that Petitioner appears to be entitled to an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) ("Rodriguez Vazquez"). (Docket No. 8 at 3). Respondents also state that: "To the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under § 1226(a)." (Id.).

Petitioner did not file a Reply.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court finds that habeas relief is warranted in the form of a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.

## BACKGROUND

Petitioner is a native and citizen of Guatemala. (Petition at ¶ 1). Petitioner alleges that he entered the United States, without inspection, on or about May 10, 2005, near Tucson, Arizona. (Id. at ¶ 7). Petitioner received Deferred Action for Childhood Arrivals ("DACA") on August 9, 2013. (Petition at ¶ 8). On September 20, 2016, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, charging him a removable under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). (Id.).

On June 5, 2018, Petitioner was convicted of driving under the influence ("DUI"). (Answer at 2). On June 9, 2022, Petitioner suffered another DUI. (Id.). In March 2026, Petitioner sustained another DUI conviction - his third in eight years - and was sentenced to 16 months in state prison. (Id.).

On October 30, 2018, following Petitioner's first DUI conviction, an Immigration Judge ("IJ") granted Petitioner's application for voluntary departure until December 31, 2018, with an "alternate order of removal to Guatemala.

(Answer at 2; Docket No. 18-2 at 1). Petitioner thereafter filed an appeal of the IJ's order to the Board of Immigration Appeals ("BIA"). (Answer at 2). On March 28, 2019, the BIA affirmed the IJ's decision and reinstated Petitioner's voluntary departure to Guatemala within 60 days. (Id.; Docket No. 8-3 at 5). On April 12, 2019, Petitioner appealed the BIA's decision to the Ninth Circuit and also filed a Motion to Stay. (Answer at 2). Pursuant to Ninth Circuit General Order 6.4, the Ninth Circuit issued a stay of Petitioner's order removal pending adjudication of his Petition for Review, which remains pending before the Ninth Circuit. (Petition at 1; Answer at 2-4).

The Ninth Circuit has confirmed that the removal stay remains in effect. (Petition at ¶ 12). Petitioner was interviewed at Ironwood State Prison and taken into ICE custody on September 4, 2026. (Id.). He was served with a Notice of Revocation of Release and is being held in custody pending his removal from the United States. (Id.).

## III.

## PETITIONER'S CLAIMS

The Petition alleges the following claims for habeas relief: (1) Petitioner's detention violates 8 U.S.C. § 1231(a)(1)(B)(ii); (2) Section 1226(a) permits consideration of release on bond or conditional parole; and (3) Petitioner requests a response identifying the statutory basis for his confinement. (Docket No. 2 at 8). The Petition seeks a response under 28 U.S.C. § 2243, a determination of the detention framework applicable to Petitioner, his release if his detention lacks a lawful basis, or an individualized custody hearing if required. (Id. at 9).

/ / /

/ / /

/ / /

/ / /

## IV.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## V.

## DISCUSSION

### A. Habeas Relief is Warranted in the Form of a Bond Hearing.

While Petitioner's immigration status is somewhat complicated, it appears that he is presently detained pursuant to 8 U.S.C. § 1226(a), as Respondents allege. (See Docket No. 8 at 3). Indeed, Petitioner seeks the confirmation of the statutory basis for his current detention. (Petition at 8).

/ / /

/ / /

/ / /

While Petitioner was previously ordered removed by an immigration judge on October 30, 2018, and while the BIA reinstated Petitioner's order of voluntary removal on March 19, 2019 (Docket No. 8 at 2), the Ninth Circuit has stayed Petitioner's removal while his Petition for Review is pending before that court. (Id.). Although Petitioner was released on an Order of Supervision ("OSUP") in 2020, he was served with a Notification of Revocation of Release by immigration officials when they took custody of him upon his release from state prison on September 4, 2026. (Id.).

As a result of the current stay issued by the Ninth Circuit, Petitioner's removal order has not yet become final and, therefore, his detention is pursuant to 8 U.S.C. section 1226(a), rather than 8 U.S.C. § 1231. Avilez v. Garland, 69 F.4th 525, 530-31(9th Cir. 2023). Thus, Petitioner's custody is governed by Section 1226(a).

Section 1226(a) "sets out the general rules" for the arrest, detention and release of noncitizens present in the country who are believed to be subject to removal. Neilsen v. Preap, 586 U.S. 392, 396 (2019). Section 1226(a) provides "substantial procedural protections," including the right to request an initial custody re-determination before an immigration judge under 8 C.F.R. § 1236.1(d).

Accordingly, the Court finds that Petitioner is entitled to habeas relief in the form of a bond hearing under Section 1226(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VI.

## ORDER

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to provide Petitioner Anival Mateo Gregorio-Carrillo (A# 204-759-962) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1[2] within seven (7) days of the date of this Order; (3) ordering Respondents to provide the immigration judge conducting the bond hearing with a copy of this Order; (4) ordering Respondents to release Petitioner from custody within eight (8) days following the date of this Order if Petitioner has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (5) ordering Respondents to file a status report within two (2) business days of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: October 28, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[2] The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioner on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders. See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006). In addition, the immigration judge must provide the reasons for the decision orally or in writing. See 8 C.F.R. § 1003.19(f).